```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RUKJAI PROMMASA,           :

         Plaintiff,     :     18 Civ. 10009 (HBP)

  -against-               :     OPINION
                              AND ORDER
MASA NY, LLC, d/b/a "Masa  :
Restaurant," d/b/a "Bar Masa,"
et al.,                    :

         Defendants.    :

-----------------------------------X

PITMAN, United States Magistrate Judge:

       Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL") seeking to recover the difference between what she was actually paid and the applicable minimum wage. The parties have now reached a settlement and the matter is before me on the parties' joint application for approval of the settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       Plaintiff alleges that she was employed as a waitress at defendants' restaurant from June 2006 until October 28, 2018. During her tenure there, plaintiff typically worked between 34 and 36 hours per week and was paid at the reduced "tip credit" rate. Provided certain conditions are met, "[b]oth the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage

that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage." Inclan v. New York Hosp. Grp., 95 F. Supp. 3d 490, 497 (S.D.N.Y. 2015) (Buchwald, D.J.). Requiring employees to pool their tips does not deprive an employer of the tip credit so long as the pool is limited to employees who customarily and regularly receive tips. 29 U.S.C. § 203(m); Shahriar v. Smith & Wollensky Rest. Grp., 659 F.3d 234, 240 (2d Cir. 2011). Defendants required plaintiff to participate in a tip pool in which defendants' tipped employees pooled and shared their tips. The participants in the tip pool allegedly included an "expediter." As described by plaintiff's counsel, the expediter works inside the kitchen to ensure orders are prepared accurately and in a timely manner; an expediter does not ordinarily have direct contact with a restaurant's customer and is not ordinarily tipped. Plaintiff claims that the inclusion of the expediter in the tip pool renders defendants ineligible to take advantage of the tip credit and, therefore, she seeks to recover the difference between the reduced "tip credit" rate that she was paid and the applicable minimum wage. She also seeks to recover her misappropriated tips. Exclusive of liquidated damages, plaintiff calculates her damages as approximately $80,000.00

Defendant contends that no expediters were included in the tip pool, and, therefore, defendant were entitled to pay plaintiff at the reduced tip credit rate. To the extent that a runner occasionally performed the duties of an expediter, defendants contend that that the work was occasional and incidental to the runner's principal duties and does not defeat defendants' eligibility to take the tip credit.

I presided over the settlement conference between the parties and their counsel on June 17, 2019. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, I made a mediator's proposal of $110,000.00, inclusive of attorney's fees and costs. Each side subsequently advised me that each accepted my proposal. In addition to agreeing to the monetary component of the settlement, the parties also agreed that the settlement agreement would not contain a confidentiality provision, that plaintiff's release of defendants would be limited to wage and hour claims and that plaintiff's counsel would receive one-third of the settlement figure as a contingency fee.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes." <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." <u>Id</u>. (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

3

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $73,333.33 after deducting counsel's one-third contingency fee -- represents approximately 92% of her total alleged damages. This percentage is clearly reasonable, given the uncertainties inherent in any litigation. See Chowdhury v. Brioni America, Inc., 16 Civ. 344

4

(HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions to explore the duties of the alleged runner/expediter and the time he spent in these respective roles. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Given the parties' factual dispute concerning the duties of the purported runner/expediter, it is uncertain whether, or how much, plaintiff would recover at trial. If defendants prevailed on their claim that the runner/expediter spent only a small fraction of his time performing the duties of an expediter, plaintiff might recover nothing.

Fourth, because (1) I presided over the settlement conference that immediately preceded plaintiff's acceptance of

5

the settlement and (2) I proposed the settlement figure, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The fact that I proposed the settlement figure negates the possibility of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

Plaintiff's release of defendants will be limited to wage-and-hour claims. I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the settlement provides that one-third of the settlement figure -- $36,666.67 -- will be paid to plaintiff's counsel as a contingency fee. I find this fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk

of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
August 15, 2019

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel